IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KENDALL CORY JONES and MARCIA )
ANN JONES d/b/a JONES PAWN, )
 )
    Plaintiffs, )
 )
v. ) Case No. CIV-14-067-RAW
 )
THE CITY OF MADILL OKLAHOMA, )
et al., )
 )
    Defendants. )

## ORDER

Before the court is the motion of the defendants Craig Ladd and "John Doe" to dismiss pursuant to Rule 12(b)(6) F.R.Cv.P. Mr. Ladd is the District Attorney for Marshall County, Oklahoma and "John Doe" is named in the complaint as Assistant District Attorney. In the motion, movants identify "John Doe" as Aaron Taber. Plaintiffs bring this action under 42 U.S.C. §1983 and various constitutional provisions and allege that they are individuals doing business as Jones Pawn in Madill, Oklahoma. They further allege that on January 29, 2014, Madill police officers entered the plaintiffs' business with the belief that stolen property was on the premises. They also allege that the Affidavit of Probable Cause executed by the Madill police stated in part that the District Attorney's Office had been contacted and that the Office stated the pawn shop should release the items to the victim and if not the pawn shop owners could be charged with being knowingly in possession of stolen property. Finally, (as pertinent here) it is alleged that the police and the alleged victim met at the pawn shop and property was seized without warrant based upon threats of arrest.

Initially, movants seek dismissal of any §1983 damages claims against them to the extent they are sued in their official capacities. Plaintiffs concede this portion of the motion, as they must. *See Romero v. Boulder County DA's Office,* 87 Fed.Appx. 696 (10th Cir.2004). Plaintiffs, however, also seek injunctive relief. An argument exists that such relief could be granted against the District Attorney's Office in its official capacity. *Cf. Am. Civil Liberties Union v. Johnson,* 194 F.3d 1149, 1163 (10th Cir.1999). Only the damages portion of the claims as to movants in their official capacities shall be dismissed at this time. Movants also make arguments regarding alleged failure to train and local government liability. In the court's view, these are arguments for the City of Madill to make, not the District Attorney.

Next, movants contend that the plaintiffs' claim fails as to them because they did not personally participate in the allegedly improper search. Personal participation in the challenged action is an essential element in a §1983 claim. *See Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir.1996). This argument was rejected, at least in the context of a motion to dismiss, in *Wolfenbarger v. Williams,* 826 F.2d 930, 937 (10th Cir.1987). The appellate court also discussed absolute and qualified immunity, as will become clear below. It would be odd for the Tenth Circuit to reach those issues if a "legal advice" case did not state a claim at all. One district court has held that giving legal advice which serves as the basis for actions which violate the rights of others can be sufficient personal involvement to support liability under §1983. *See Smith v. Montgomery County, Maryland,* 573 S.Supp. 604, 609 (D.Maryland 1983). The motion will not be granted on that basis.

2

Movants seek dismissal on grounds of absolute and qualified immunity. In the motion to dismiss context, the court must accept all well-pleaded allegations of the complaint as true and view them in a light most favorable to the nonmoving party. "To survive a motion to dismiss based on qualified immunity, the plaintiff must allege sufficient facts that show – when taken as true – the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Schwartz v. Booker,* 702 F.3d 573, 579 (10th Cir.2012).

In the briefing, the parties barely touch upon *Wolfenbarger v. Williams,* 826 F.2d 930 (10th Cir.1987), but the decision appear dispositive in this context. Under similar facts, the court said "the rule in this circuit is that a prosecutor is entitled to only qualified immunity for giving such advice to police officers." *Id.* at 937. Thus, movants' argument for absolute immunity fails. Next, the appellate court upheld the district court's denial of a motion to dismiss on qualified immunity because it was unclear from the record who authorized, condoned or acquiesced in the advice to the police. *Id.* The similar ruling must follow here. Under *Wolfenbarger*, plaintiffs have alleged sufficient facts of a violation of constitutional rights which were clearly established at the time.[*]

Defendants may of course renew their request at a later time under the summary judgment procedure. "[T]he denial of qualified immunity at the motion to dismiss stage does

---

[*] "These Oklahoma cases and statutes, in effect at the time of the incidents in question, clearly establish that pawn brokers and other good faith purchasers of stolen goods have substantive and procedural rights in such property." *Id.* at 934. Present Oklahoma law appears to require the use of a "written hold order" and the pawnbroker's consent to release of the property. *See* 59 O.S. §1508(B) & (C). Under the present allegations, that procedure was not followed.

not bind the court at the summary judgment stage." *Stonecipher v. Valles,* 2014 WL 2937038 n.9 (10th Cir.2014).

It is the order of the court that the motion of Craig Ladd and John Doe (#5) is hereby granted in part and denied in part. It is granted to the extent the complaint seeks damages against the movants in their official capacities. In all other respects, the motion is denied.

**ORDER this 4th day of August, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma